IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSAN HANAN, | § | |
| Plaintiff, | § § § | |
| V. | § § | No. 3:19-cv-149-B |
| CRETE CARRIER CORPORATION and DORN KNAPP, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CRETE CARRIER CORPORATION'S OBJECTIONS TO 30(B)(6) TOPICS AND MOTION TO QUASH AND FOR PROTECTIVE ORDER**[1]

Defendant Crete Carrier Corporation has filed Objections to 30(b)(6) Topics and Motion to Quash and for Protective Order, *see* Dkt. No. 27 (the "MPO"), "seeking a ruling on its objections to [Plaintiff Susan Hanan's] notice to depose a corporate representative of Crete Carrier and an order quashing that notice as to certain topics and protecting Defendants from further efforts to pursue discovery on those topics," *id.* at 1.

United States District Judge Jane Boyle has referred the MPO to the undersigned United States magistrate judge for a hearing, if necessary, and

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

-1-

determination under 28 U.S.C. § 636(b). *See* Dkt. No. 31. Hanan filed a response, *see* Dkt. No. 38, and Crete filed a reply, *see* Dkt. No. 40.

The Court has carefully considered the parties' briefing and GRANTS in part and DENIES in part the MPO to the extent and for the reasons explained below.

The Court previously has laid out the standards that govern a Federal Rule of Civil Procedure 26(c) motion for protective order and motion to quash as to topics served for a Federal Rule of Civil Procedure 30(b)(6) corporate representative deposition, and the Court incorporates and will apply – but will not repeat – those standards here. *See Dennis v. United States*, No. 3:16-cv-3148-G-BN, 2017 WL 4778708, at *3-*8 (N.D. Tex. Oct. 23, 2017); *Pauls v. The Prudential Ins. Co. of Am.*, No. 3:16-cv-2116-M-BN, 2016 WL 6397564, at *2-*5 (N.D. Tex. Oct. 28, 2016).

I. Topic No. 1: "Cause of the accident"

Crete objects to Topic No. 1 because "[t]he cause of the accident was largely analyzed after ligation was anticipated and, therefore, Crete objects and asserts the attorney/client privilege and the work-product doctrine in response to this topic. Crete does not object to discussing any non-privileged information on this topic." Dkt. No. 28 at 3. This objection is premature and provides no basis for objecting to this topic or entering a protective order. Crete's counsel can object, as appropriate, as Federal Rule of Civil Procedure 30(c)(2) permits during the deposition.

II. Topic No. 2: "Defendants' policies and procedures regarding pre-trip inspections performed on its vehicles"

Crete objects to Topic No. 2 because this

proposed topic is overly broad and not sufficiently limited in that the particular policies and procedures to be discussed are not specified to show that the topics to be discussed are relevant or likely to lead to the discovery of relevant evidence. Pre-trip inspections involve various issues and aspects and the topic does not specify any particular aspect to be discussed that is relevant to this case. There is no claim or allegation of any pre-trip inspections being an issue in this case. Moreover, the topic is not limited to the time period for which the policy or procedure was in effect.

Dkt. No. 28 at 3. The Court is not persuaded that the information sought by this topic is not relevant to Hanan's claims, but the Court determines that the topic as phrased is not reasonably particular and seeking information that is not proportional to the needs of the case. The Court grants Crete's objections in part and modifies the topic as follows: "Defendants' policies and procedures regarding pre-trip inspections performed on its vehicles, which were in effect and applicable to the vehicle operated by Defendant Knapp on the date of the incident."

III.   Topic No. 3: "Defendants' policies and procedures regarding mechanical inspections and maintenance of its vehicles"

Crete objects to Topic No. 3 because this

topic is not relevant and not likely to lead to relevant evidence as there is no claim or allegation of any mechanical issue or maintenance issue with the Defendant's truck being an issue in this case. Inspection and maintenance of semi-trucks involves various issues, and Plaintiff has not specified any aspect of this activity that would be relevant to this case. The topic is also overly broad and not sufficiently limited as to time or subject matter, as it does not specify particular policies or procedures to be discussed.

Dkt. No. 28 at 3-4. The Court is not persuaded that the information sought by this topic is not relevant to Hanan's claims, but the Court determines that the topic as phrased is not reasonably particular and seeking information that is not proportional

to the needs of the case. The Court grants Crete's objections in part and modifies the topic as follows: "Defendants' policies and procedures regarding mechanical inspections and maintenance of its vehicles, which were in effect and applicable to the vehicle operated by Defendant Knapp on the date of the incident."

IV. Topic No. 4: "Defendants' policies and procedures regarding operation of its vehicles"

Crete objects to Topic No. 4 because

[o]peration of a semi truck involves various issues and this request is overly broad as it fails to specify any particular policies or procedures to be discussed or how any such policy or procedure on the operation of the truck or aspect of truck operations is relevant to this lawsuit. The topic is also overly broad and not sufficiently limited as to time the policies or procedures to be discussed were in effect.

Dkt. No. 28 at 4. The Court is not persuaded that the information sought by this topic is not relevant to Hanan's claims, but the Court determines that the topic as phrased is not reasonably particular and seeking information that is not proportional to the needs of the case. The Court grants Crete's objections in part and modifies the topic as follows: "Defendants' policies and procedures regarding operation of its vehicles, which were in effect and applicable to the vehicle operated by Defendant Knapp on the date of the incident."

V. Topic No. 5: "Defendants' policies and procedures regarding hiring and pre-employment screening of its drivers"

Crete objects to Topic No. 5 because this

topic is objectionable as overly broad in that it is not relevant to any issue in this case and not likely to lead to relevant evidence. It is also objectionable in that the topic fails to specify the particular policies or procedures to be discussed and it is not limited in time. Hiring and

> screening involves various issues, and Plaintiff has not specified what specific aspect of the hiring and screening process that is relevant to this case is to be discussed.

Dkt. No. 28 at 4. The Court is not persuaded that the information sought by this topic is not relevant to Hanan's claims, but the Court determines that the topic as phrased is not reasonably particular and seeking information that is not proportional to the needs of the case. The Court grants Crete's objections in part and modifies the topic as follows: "Defendants' policies and procedures regarding hiring and pre-employment screening of its drivers, which were in effect and applicable to Defendant Knapp at the time that he was hired."

VI.  Topic No. 6: "Defendants' policies and procedures regarding training of its drivers"

Crete objects to Topic No. 6 because

> [d]river training addresses various issues, not all of which are relevant to this case and Plaintiff's topic does not specify what aspect of training is to be discussed. Thus, this topic is objectionable as overly broad in that it fails to specify any particular policies or procedures that are relevant or the discussion of which is likely to lead to relevant evidence. The topic is also objectionable as overly broad because it is not limited in time or as to the time the policies or procedures were in effect.

Dkt. No. 28 at 4. The Court is not persuaded that the information sought by this topic is not relevant to Hanan's claims, but the Court determines that the topic as phrased is not reasonably particular and seeking information that is not proportional to the needs of the case. The Court grants Crete's objections in part and modifies the topic as follows: "Defendants' policies and procedures regarding training of its drivers as to the

operation of Crete's vehicles, which were in effect and applicable to the training of Defendant Knapp before and up to the time on the date of the incident."

VII. Topic No. 7: "Defendants' requirements for employment of drivers"

Crete objects to Topic No. 7 because

> Crete has various requirements for its driver employees, not all of which are relevant to this case, and Plaintiff's topic does not specify what relevant requirements are to be discussed. This topic is objectionable as overly broad as it fails to specify particular requirements to be discussed that are relevant or likely to lead to relevant evidence. Further, the topic is overly broad as it is not limited as to the time during which the policies or procedures to be discussed were in effect.

Dkt. No. 28 at 5. The Court is not persuaded that the information sought by this topic is not relevant to Hanan's claims, but the Court determines that the topic as phrased is not reasonably particular and seeking information that is not proportional to the needs of the case. The Court grants Crete's objections in part and modifies the topic as follows: "Defendants' requirements for employment of drivers, which were in effect and applicable to Defendant Knapp at the time that he was hired."

VIII. Topic No. 10: "Maintenance and/or repairs (whether routine or otherwise required) performed on Defendants' vehicle from 1 year prior to the accident, including but not limited to general maintenance as well as any such repairs or maintenance necessitated by this accident"

Crete objects to Topic No. 10 because

> [m]aintenance of a semi truck involves various issues and Plaintiff's topic does not specify what aspect of maintenance or repair is relevant to this case and is to be discussed at the deposition. There is no claim or allegation of any mechanical issue or maintenance issue with the Defendant's truck being an issue in this case. Thus, this topic is objectionable as being overly broad and seeking irrelevant information.

Dkt. No. 28 at 5. The Court overrules Crete's objection because the information that Hanan seeks is relevant to her claims and proportional to the needs of the case, and the topic is described with reasonable particularity.

IX. Topic No. 11: "All information and details regarding any inspections or maintenance requests that occurred prior to the date of the underlying accident"

Crete objects to Topic No. 11 because

> Crete performs various inspections of and maintenance on its semi-trucks and Plaintiff does not specify what aspect of maintenance and inspection is relevant to this case and is to be discussed at the deposit. There is no claim or allegation of any mechanical issue or maintenance issue with the Defendant's truck being an issue in this case. Further, the topic is overly broad as it is not limited as to the time period for the maintenance or inspection.

Dkt. No. 28 at 5-6. The Court is not persuaded that the information sought by this topic is not relevant to Hanan's claims, but the Court determines that the topic as phrased is not reasonably particular and seeking information that is not proportional to the needs of the case. The Court grants Crete's objections in part and modifies the topic as follows: "All information and details regarding any inspections or maintenance requests for the vehicle operated by Defendant Knapp on the date of the incident – limited to inspections or maintenance requests occurred prior to the date of the underlying accident."

X. Topic No. 12: "All information concerning any investigation by Defendants of the accident in question"

Crete objects to Topic No. 12 because

> [a]ny investigation includes post-accident investigations made in anticipation of litigation or at the direction of or by counsel. Thus, Crete

> objects to this topic and asserts the attorney/ client privilege and the work-product doctrine.

Dkt. No. 28 at 6. This objection is premature and provides no basis for objecting to this topic or entering a protective order. Crete's counsel can object, as appropriate, as Federal Rule of Civil Procedure 30(c)(2) permits during the deposition.

XI. Topic No. 13: "Defendants' business operations, corporate structure, annual revenues and net worth"

> Crete objects to Topic No. 13 because this
>
> topic is objectionable as it is overly broad, it seeks irrelevant information, and it seeks protected information. Plaintiff has not obtained an order allowing for the disclosure of such information and demonstrated a substantial likelihood of success on the merits of a claim for exemplary damages, and this topic seeks proprietary information and confidential company trade secrets. The topic fails to describe with reasonable particularity the matters for examination and by its terms calls for a general inquiry into business operations and corporate structure of Defendant. Further, the topic does not include a limitation as to time.

Dkt. No. 28 at 6. In reply, Crete further explains its position that,

> [b]y topic 13, Plaintiff seeks discovery about Crete's business structure, tax, and financial status in support of her claim for punitive damages. Applicable Texas law provides that a party seeking discovery in support of a claim for exemplary damages must first file a motion to obtain authorization to conduct such discovery. *See Tex. Civ. Prac. & Rem. Code* § 41.0115(a). To obtain such authorization, the party seeking discovery of net worth information must demonstrate, at a hearing conducted on its motion, a substantial likelihood of success on the claim for exemplary damages. *Id.* Plaintiff has not sought or obtained authorization to conduct discovery on topics related to Defendant Crete's net worth, such as tax or financial information. And Plaintiff's request to depose a Crete representative on the company's financial structures is also unauthorized as an attempt to assess Crete's financial status. Otherwise, Crete's corporate structure is simply irrelevant.

Dkt. No. 40 at 4-5.

Texas Civil Practices and Remedies Code § 41.0115 provides:

Discovery of Evidence of Net Worth for Exemplary Damages Claim Currentness

(a) On the motion of a party and after notice and a hearing, a trial court may authorize discovery of evidence of a defendant's net worth if the court finds in a written order that the claimant has demonstrated a substantial likelihood of success on the merits of a claim for exemplary damages. Evidence submitted by a party to the court in support of or in opposition to a motion made under this subsection may be in the form of an affidavit or a response to discovery.

(b) If a trial court authorizes discovery under Subsection (a), the court's order may only authorize use of the least burdensome method available to obtain the net worth evidence.

(c) When reviewing an order authorizing or denying discovery of net worth evidence under this section, the reviewing court may consider only the evidence submitted by the parties to the trial court in support of or in opposition to the motion described by Subsection (a).

(d) If a party requests net worth discovery under this section, the court shall presume that the requesting party has had adequate time for the discovery of facts relating to exemplary damages for purposes of allowing the party from whom net worth discovery is sought to move for summary judgment on the requesting party's claim for exemplary damages under Rule 166a(i), Texas Rules of Civil Procedure.

TEX. CIV. PRAC. & REM. CODE § 41.0115. This statute changed Texas state courts' approach to discovery related to exemplary damages, as the Dallas Court of Appeals has explained:

Michelin first argues that net-worth discovery should be limited because the Medinas have not shown they are entitled to punitive damages. More than twenty-five years ago, the Texas Supreme Court expressly rejected this argument. *Lunsford v. Morris*, 746 S.W.2d 471, 473 (Tex.1988) (orig. proceeding), *overruled on other grounds by Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992) (orig. proceeding). Under Texas law, a party seeking discovery of net-worth information need not satisfy any evidentiary prerequisite, such as making a prima facie showing of entitlement to punitive damages, before discovery of net worth is permitted. *In re Jacobs*, 300 S.W.3d 35, 40-41 (Tex. App. – Houston [14th Dist.] 2009, orig. proceeding [mand dism'd] ); *In re House of Yahweh*, 266 S.W.3d 668, 673 (Tex. App. – Eastland 2008, orig. proceeding); *In re Garth*, 214 S.W.3d

-9-

190, 192 (Tex. App. – Beaumont 2007, orig. proceeding [mand. dism'd]); *In re W. Star Trucks US, Inc.*, 112 S.W.3d 756, 763 (Tex. App. – Eastland 2003, orig. proceeding); *Al Parker Buick Co. v. Touchy*, 788 S.W.2d 129, 131 (Tex. App. – Houston [1st Dist.] 1990, orig. proceeding).

>   On June 19, 2015, Senate Bill 735 was signed into law changing the way net-worth discovery will be conducted going forward. Act of June 19, 2015, 84th Leg., R.S., ch. 1159, § 2, 2015 Tex. Sess. Law Serv. 3923, 3923 (West 2015). The bill, codified as section 41.0115 of the civil practice and remedies code, requires a party seeking net worth discovery to first demonstrate and obtain a finding from the trial court that there is a substantial likelihood of success on the merits of a claim for exemplary damages. *See* TEX. CIV. PRAC. & REM. CODE § 41.0115(a) (West Supp. 2015). The provisions of section 41.0115 did not become effective until September 1, 2015, and apply only to an action filed on or after that effective date. *See* Act of June 19, 2015, 84th Leg., R.S., ch. 1159, § 3, 2015 Tex. Sess. Law Serv. 3923, 3923 (West 2015).

*In re Michelin N. Am., Inc.*, No. 05-15-01480-CV, 2016 WL 890970, at *8 (Tex. App. – Dallas Mar. 9, 2016, orig. proceeding).

The Court disagrees that Texas Civil Practices and Remedies Code § 41.0115(a) controls the scope and permissibility of discovery in federal court in this diversity case.

> The *Erie* line of authorities holds that substantive state law must be applied in federal courts in diversity cases like this one, but state procedural law yields to the applicable Federal Rules. Determining whether the state law is procedural or substantive may prove elusive. Succinctly put, however, [a] federal court exercising diversity jurisdiction should not apply a state law or rule if (1) a Federal Rule of Civil Procedure 'answer[s] the same question' as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act.

*Klocke v. Watson*, 936 F.3d 240, 244-45 (5th Cir. 2019) (citations and internal quotation marks omitted).

The Court concludes that Texas Civil Practices and Remedies Code § 41.0115, if applied in federal court, would answer the same question that Federal Rules of Civil

Procedure 26 and 37 answer: What is the scope of discovery permitted in a case in federal court, and what is the necessary showing to obtain it?

Rules 26(b), 26(d), and 37(a) provide as follows:

> (b) Discovery Scope and Limits.
> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
> (2) Limitations on Frequency and Extent.
> (A) When Permitted. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.
> (B) Specific Limitations on Electronically Stored Information. A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
> (C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).
> ....

(d) Timing and Sequence of Discovery.

(1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

(2) Early Rule 34 Requests.

Time to Deliver. More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered:

(i) to that party by any other party, and

(ii) by that party to any plaintiff or to any other party that has been served.

(B) When Considered Served. The request is considered to have been served at the first Rule 26(f) conference.

(3) Sequence. Unlessthe parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

(A) methods of discovery may be used in any sequence; and

(B) discovery by one party does not require any other party to delay its discovery.

....

(a) Motion for an Order Compelling Disclosure or Discovery.

(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

(2) Appropriate Court. A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

(3) Specific Motions.

(A) To Compel Disclosure. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

(B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

> (C) Related to a Deposition. When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.
>
> (4) Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

FED. R. CIV. P. 26(b), 26(d), 37(a). Section 41.0115(a)'s requirements conflict with Rules 26(b), 26(d), and 37(a) by requiring a plaintiff seeking discovery in support of exemplary damages to file a motion on a showing of a substantial likelihood of success on the merits of a claim for exemplary damages. Section 41.0115(a), "in other words, conflicts with the Federal Rules by setting up an additional hurdle a plaintiff must jump over to get" discovery to which they would otherwise be entitled so long as it satisfies Rule 26's and Rule 37's requirements. *Klocke*, 936 F.3d at 245 (internal quotation marks omitted). Section 41.0115 "undeniably regulates discovery," and, "[i]f applied in federal court," Section 41.0115 would "interfere with federal control of discovery, an area governed exclusively by federal law." *Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 297, 298 (5th Cir. 2016).

Although "the Federal Rules, which serve to regulate discovery," and in particular "Rules 26 and 37 govern all cases generally," "[t]o preclude the application of a state law," "the relevant Federal Rule need not be identical in purpose or scope. Rather, the inquiry is whether the scope of the Federal Rule is sufficiently broad ... to control the issue before the court, such that it answer[s] the same question as the state law." *Id.* at 297 (citation and internal quotation marks omitted). And the United States Court of Appeals for the Fifth Circuit has recently explained that "a state rule conflicts

with a federal procedural rule when it imposes additional procedural requirements not found in the federal rules. The rules 'answer the same question' when each specifies requirements for a case to proceed at the same stage of litigation." *Klocke*, 936 F.3d at 245. And "states may not superimpose additional requirements on the Federal Rules where the provisions answer the same question." *Id.* at 247 (internal quotation marks and footnote omitted).

That is the case with Section 41.0115(a) and Rules 26(b), 26(d), and 37(a) and, so, because Section 41.0115 "imposes additional requirements beyond those found in [Rules 26 and 37] and answers the same question as those rules, the state law cannot apply in federal court," where the Fifth Circuit has already concluded that Federal Rules of Civil Procedure 26 and 37 "are a valid exercise of Congress's rulemaking authority under the Rules Enabling Act." *Id.* at 245, 247-48 (internal quotation marks and footnote omitted); *Passmore*, 823 F.3d at 299 (holding that Rules 26 and 37 "represent a valid exercise of Congress' rulemaking authority").

Because the Court concludes that a federal court entertaining state law claims may not apply Section 41.0115, the Court rejects Crete's objection on the basis of Section 41.0115's requirements.

And the Court otherwise overrules Crete's objections because the information that Hanan seeks is relevant to her claims and proportional to the needs of the case, and the topic is described with reasonable particularity. *See, e.g.*, *Curlee v. United Parcel Serv., Inc. (Ohio)*, No. 3:13-cv-344-P, 2014 WL 4262036, at *2 (N.D. Tex. Aug.

29, 2014) ("A defendant's net worth is relevant in a suit involving exemplary damages.").

XII. Topic No. 14: "Defendant's insurance coverage for liability arising from the <u>accident in question</u>"

Crete objects to Topic No. 14 because this

> topic represents a general inquiry into Defendant's insurance coverage. Defendant has made the required disclosures under Rule 26 regarding insurance coverage and Plaintiff making a further, general inquiry into insurance coverage is not relevant and not likely to lead to relevant evidence.

Dkt. No. 28 at 6. The Court overrules this objection. Complying with Rule 26(a) does not make Rule 30(b)(6) deposition testimony on this topic irrelevant or disproportional to the needs of the case.

XIII. Topic No. 15: "Use of any electronic equipment, including handheld devices, by <u>the driver on the date in question</u>"

Crete objects to Topic No. 15 because this

> topic is objectionable in that it is vague in that it lacks specificity as to what equipment or use is to be discussed. The topic also seeks information that is not relevant and not likely to lead to relevant evidence, as there is no claim or allegation of any use of handheld devices by the driver on the date in question.

Dkt. No. 28 at 7. The Court is not persuaded that the information sought by this topic is not relevant to Hanan's claims, but the Court determines that the topic as phrased is not reasonably particular and seeking information that is not proportional to the needs of the case. The Court grants Crete's objections in part and modifies the topic as follows: "Use of any handheld devices or other communication technology by the driver on the date in question while operating the truck."

XIV. Topic No. 16: "Vehicle, Defendant Knapp and company compliance with applicable laws, rules and regulations, both state and federal, related to the operation of the vehicle operated by Defendant Knapp on the date of the incident"

Crete objects to Topic No. 16 because this

> topic is overly broad and seeks information that is not relevant, in that Crete's business and the operation of a semi-truck implicates various laws, rules, and regulations, and the topic does not specify which law, rule or regulation is relevant to this case and is to be discussed.

Dkt. No. 28 at 7. The Court overrules Crete's objection because the information that Hanan seeks is relevant to her claims and proportional to the needs of the case, and the topic is described with reasonable particularity.

XV. Topic No. 17: "Policies and procedures concerning GPS, Peoplenet, Qualcom or other on board vehicle driving devices given that are given to drivers"

Crete objects to Topic No. 17 because this

> request is overly broad and seeks information that is not relevant and not likely to lead to relevant evidence, in that Plaintiff has not specified any particular policy or procedure to be discussed or show how discussion of such topic will lead to relevant information. Further, the topic is overly broad and seeks irrelevant information in that there is no claim or allegation of any use of such devices playing a role on the date in question. The topic is also objectionable in that it is not limited as to the time during which the policies or procedures to be disused were in effect.

Dkt. No. 28 at 7. The Court is not persuaded that the information sought by this topic is not relevant to Hanan's claims, but the Court determines that the topic as phrased is not reasonably particular and seeking information that is not proportional to the needs of the case. The Court grants Crete's objections in part and modifies the topic as follows: "Policies and procedures concerning GPS, Peoplenet, Qualcom or other on

board vehicle driving devices that were given to drivers at the time of the incident in question in this case."

XVI. Topic No. 21: "Efforts made to collect, review and produce said documents and/or information in response to Plaintiff's discovery requests attached as Exhibit A;"

Crete objects to Topic No. 21 because

> [e]fforts to gather and produce information in response to Plaintiffs' discovery were made at the direction of and with the assistance of counsel, and the selection of what information was ultimately provided with the responses was made by counsel. Thus, Crete asserts the attorney/ client privilege and the work-product doctrine in response to this topic.

Dkt. No. 28 at 8. This objection is premature and provides no basis for objecting to this topic or entering a protective order. Crete's counsel can object, as appropriate, as Federal Rule of Civil Procedure 30(c)(2) permits during the deposition.

Finally, under Federal Rules of Civil Procedure 37(a)(5) and 26(c)(3), the Court determines that, under all of the circumstances presented here, the parties will bear their own expenses, including attorneys' fees, in connection with the MPO.

SO ORDERED.

DATED: November 6, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE