UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSAN HANAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0149-B |
| | § | |
| CRETE CARRIER CORPORATION | § | |
| and DORN KNAPP, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Crete Carrier Corporation and Dorn Knapp's Motion for Summary Judgment (Doc. 42) against Plaintiff Susan Hanan. For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendants' motion.

## I.
## BACKGROUND

On June 18, 2018, Susan Hanan was traveling on Interstate 45 in Navarro County, Texas, when her vehicle was hit by Crete Carrier Corporation's tractor trailer. Doc. 4, Supp. Doc. ("Original Pet."), ¶ 6. Hanan alleges that the vehicle was being driven by Knapp, who was an employee of Crete at the time. *Id.* Hanan further alleges that she was hit when "Knapp changed lanes unsafely in the lane into which [Hanan] was lawfully driving, crashing into [Hanan's] vehicle at a high rate of speed." *Id.*

Hanan brings this lawsuit against both Crete and Knapp. *Id.* ¶¶ 4–5. Hanan alleges that she suffered severe injuries to her head, neck, back, and other body parts as a result of the accident. *Id.* ¶ 6.

Hanan brings six causes of action: (1) negligence and gross negligence against both Defendants; (2) negligence per se against both Defendants;[1] (3) negligent hiring against Crete; (4) negligent training against Crete; (5) negligent supervision, retention, and monitoring against Crete; and (6) negligent entrustment against Crete. *Id.* at 3–8.

Defendants subsequently filed a motion for summary judgment on all claims (Doc. 42). With all briefing filed, the motion is now ripe for review.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56 (a). The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary-judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir.1990). Usually, this requires the movant to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)

---

[1]Hanan seeks to hold Crete liable for Knapp's alleged negligence and negligence per se based on respondeat superior and ratification, and Knapp's gross negligence based on ratification. *See* Doc. 4, Original Pet., 4–8.

(quotation marks omitted). But if the non-movant ultimately bears the burden of proof at trial, the summary-judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting an essential element of the non-movant's claim. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 n.10 (5th Cir. 2017).

Once the summary judgment movant has met this burden, the burden shifts to the non-movant to "go beyond the pleadings and designate specific facts" showing that a genuine issue exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (citations omitted). Instead, the non-moving party must "come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ( quotation marks omitted). "[C]ourts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations incorporated and quotations marks omitted). But the court need not "sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998) (citation and quotation marks omitted). If the non-movant is unable to make the required showing, the court must grant summary judgment. *Little*, 37 F.3d at 1076.

# III.

# ANALYSIS

*A.     Whether Defendants Bring a Proper Summary-Judgment Motion*

Hanan contends that the conclusory nature of Defendants' Motion for Summary Judgment makes it a "no-evidence" summary judgment motion that does not satisfy Defendants' initial burden as the moving party. Doc. 50, Pl.'s Resp., 11–12. Hanan believes that Defendants' motion is based "solely [on] conclusory statements that [Hanan] had 'no evidence' to support each of her claims." *Id.* at 12. Such motions, Hanan argues, are "pleading[s] that may be filed in state court, but not federal court." *Id.* at 12 (quotation marks omitted) (quoting *BB Energy LP v. Devon Energy Prod. Co.*, 2008 WL 2164583, at *12 (N.D. Tex. May 23, 2008) (citing *Casteneda v. Flores*, 2007 WL 1671742, at *2–3 (S.D. Tex. June 8, 2007))).

In response, Defendants believe that they met their initial burden when they "pointed . . . to the specific elements of the causes of action pled by Plaintiff in her complaint . . . on which Plaintiff cannot produce evidence sufficient to create a genuine dispute of material fact." Doc. 59, Defs.' Reply, 3–4 (citing *Austin*, 864 F.3d at 335). Thus, to Defendants, *Austin* forecloses Hanan's argument that Defendants' summary-judgment motion was improper. *Id.* at 4.

For all claims but the negligence per se and ratification claims, the Court need not decide whether Defendants met their initial burden on their motion, as Hanan has pointed to genuine disputes of material fact as to each of those claims. Thus, the motion will be considered, but Defendants are admonished that they should read the law on bear-bones motions like theirs..[2]

---

[2]Defendants' bear-bones summary judgment motion, at the very best, toes the line between what is and what is not acceptable in federal court. In *Austin*, the Fifth Circuit explained that while a party cannot merely argue that there was no evidence supporting a nonmovant's *case*, "a movant may support a motion for

*B.      Negligence Claim Against Knapp*

The three elements of a negligence cause of action are duty, breach of the duty, and damages proximately caused by the breach. *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001) (citing *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998)).

In their motion, Defendants argue that Hanan "has no evidence that any negligent act or omission by Knapp was the proximate cause of her alleged injuries." Doc. 43, Defs.' Br., 7. Defendants believe that Hanan "has no evidence to show that a reasonable person would foresee that such an accident would result in the extensive bodily injury and damage [Hanan] claims in this case." *Id.* at 8.

Hanan responds by pointing to the deposition of Greg Brown, a witness to the accident, who agreed with the assertion that Knapp made an "illegal or improper lane change," which then "cause[d] an accident." Doc. 51, Pl.'s App., Ex. B, Dep. of Greg Brown, 25:19–25. Proximate cause has two elements: cause-in-fact and foreseeability. *Ginn v. Pierce*, 2019 WL 4511328, at *2 (Tex. App.—Houston [14th Dist.] Sept. 19, 2019). Defendants argue only lack of foreseeability in their motion. *See* Doc. 43, Defs.' Br., 8. "Foreseeability requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission." *Tobin v. AMR Corp.*, 637 F. Supp. 2d 406, 413 (N.D. Tex. 2009). Specifically, "[t]he danger of injury is foreseeable if its '*general character* . . . might reasonably have been anticipated.'" *Id.* (emphasis added) (quoting *Nixon*

---

summary judgment by pointing out that there was no evidence to support a *specific element* of the nonmovant's claim." 864 F.3d at 335 n.10. The Fifth Circuit noted that this case–element difference is "an important distinction." *Id.* Defendants' motion, by essentially stating that there is no evidence for all essential elements for every one of Hanan's claims blurs the line-drawing set out in *Austin* and could make Rule 56's other summary judgment burden-shifting mechanisms obsolete. *See* FED. R. CIV. P. 56(c)(1)(A)–(B).

*v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 551 (Tex. 1980) (citation omitted)). The Court believes that a reasonable juror could conclude that the nature of the injuries here—head, neck, back, and other bodily injuries, *see* Doc. 4, Original Pet., ¶ 6—are foreseeable from an accident caused by negligent driving. Thus, there is a genuine dispute of a material fact on causation against Knapp.

As such, Defendants' motion for summary judgment on its general negligence claim against Knapp is **DENIED**.[3]

C. *Negligence per se claim*

The Court finds that Defendants have met their initial burden on their summary judgment motion as to Hanan's negligence per se claim. Defendants have pointed to specific evidence that they assert shows that Hanan's negligence per se claim is not viable.

"Negligence per se is a common-law doctrine that allows courts to rely on a penal statute to define a reasonably prudent standard of care." *Discovery Operating, Inc. v. BP Am. Prod. Co.*, 311 S.W.3d 140, 162 (Tex. App.—Eastland, 2010) (citing *Reeder v. Daniel*, 61 S.W.3d 659, 361–62 (Tex. 2001)). For negligence per se to be viable, the plaintiff must belong to the class of individuals the statute was meant to protect, and the plaintiff's injury must be "of a type that the statute was designed to prevent." *Id.* (citing *Perry v. S.N.*, 973 S.W.2d 301, 305 (Tex. 1998)). However, if a statute is merely redundant of the ordinary standard of care, negligence per se is not a workable claim. *See Powell v. Keeley*, 795 F. Supp. 2d 587, 593 (S.D. Tex. 2011).

Here, Hanan has alleged Defendants committed "an unexcused breach of duty imposed by [the] Texas Transportation Code," but does not specify which section thereof. *See* Doc. 4, Original

---

[3] Because the general negligence claim against Knapp survives summary-judgment, so does Hanan's attempt at holding Defendants liable for Knapp's negligence through respondeat superior.

Pet., ¶ 11. In their motion, Defendants cite to Section 545.060 of the Code, which prohibits drivers from moving lanes "unless that movement can be made safely." Doc. 43, Defs.' Br., 8 (citation omitted). Defendants then point the Court to several Texas cases in which courts decided that Section 545.060 and other sections of the Texas Transportation Code do not establish a standard of care different than the ordinary standard of care. *Id.* at 8–9 (citing *Gore v. Gore*, 233 S.W.3d 911, 913 (Tex. App.—Beaumont 2007, pet. denied); *Louisiana-Pacific Corp. v. Knighten*, 976 S.W.2d 674, 675 (Tex. 1998)). And, Defendants conclude, "Plaintiff has no evidence of any other special standard of care applicable to this case." *Id.* at 9.

Defendants have shown that they are entitled to judgment as a matter of law if Plaintiffs are attempting to use Section 545.060 of the Texas Transportation Code—which is most applicable to the facts here, as that section regulates lane changes. *See* Doc. 43, Defs.' Br., 8. The burden thus shifts to Hanan to show that there is a genuine dispute of material fact as to this claim, such as by pointing to another section of the Texas Transportation Code that is not merely redundant of the ordinary standard of care. *See Celotex*, 477 U.S. at 325.

Hanan has not done so. In her response, Hanan argues only that the Court should deny the motion as to the negligence per se claim because the motion was an improper no-evidence summary judgment motion. Doc. 50, Pl.'s Br., 9. But as just discussed, the Court disagrees with this argument. And nowhere else in her response does Hanan discuss the negligence per se claim, or how there is a genuine dispute of material fact as to this claim. Defendants are thus entitled to summary judgment on the negligence per se claim. *See Keeley*, 795 F. Supp. 2d at 593 (explaining how there can be no negligence per se claim if it is merely redundant of an ordinary negligence claim); *see also Little*, 37

F.3d at 1076 (explaining how the court must grant summary judgment if the non-movant does not make the required showing).

Therefore, the Court **GRANTS** Defendants' summary-judgment motion on the negligence per se claim. That claim is hereby **DISMISSED**.

C.  *Negligent Entrustment and Negligent Hiring*

To establish a negligent entrustment claim, a plaintiff must show that: (1) the defendant/employer entrusted the vehicle to the driver; (2) the driver was an "unlicensed, incompetent, or reckless driver"; (3) "at the time of entrustment, [the employer] knew or should have known that [the driver] was an unlicensed, incompetent, or reckless driver"; (4) the driver was negligent during the accident at issue; and (5) "[the driver's] negligence proximately caused the accident." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007). For both negligent entrustment and hiring, the risk that made the hiring negligent/entrustment must have proximately caused the plaintiff's injuries. *TXI Transp. Co.*, 306 S.W.3d at 240. Additionally, negligent entrustment and hiring are treated similarly under Texas law. *See id.* at 241 (referring to a claim as a "negligent hiring or entrustment" claim).

Defendants believe that there is no evidence for elements two and three of the negligent entrustment claim. Doc. 43, Defs.' Br., 5–6. In response, for element (2), Hanan points to the fact that Knapp had been involved in five motor vehicle accidents and one speeding incident in the five years prior to his employment at Crete. Doc. 59, Pl.'s Br., 16. Two of those accidents involved improper lane changes. *Id.* at 16–17 (citing Doc. 51, Pl.'s App. Ex. C, Dep. of Dorn Knapp). Hanan also explains that Knapp admitted in his deposition that he had his license suspended once prior to joining Crete. *Id.* at 17. Hanan argues that these facts support the conclusion that Knapp was an

incompetent or reckless driver. Defendants respond by citing to case law they say supports the contention that such facts are legally insufficient to survive summary judgment on incompetence or recklessness. *See* Doc. 50, Defs.' Reply, 4–5 (collecting cases).

The Court disagrees with Defendants. Knapp was involved in five total accidents, two of which involved the same issue here—improper lane changes. Based on Knapp's driving history, a reasonable juror could conclude that Knapp was an incompetent or reckless driver. *See Onofre v. C.R. England, Inc.*, 2016 WL 3406196, at *7 (W.D. Tex. June 17, 2016) ("When determining whether a driver is reckless or incompetent, '[r]eliance is generally placed upon evidence of previous traffic violations, *previous habits* or intemperance.'" (quoting *Revisore v. West*, 450 S.W.2d 361, 364 (Tex. App. 1970) (alteration in original) (emphasis added))). And except in "extraordinary" cases, whether or not a driver was incompetent or reckless "is a question of fact for the jury." *Id.*

Next, the Court also concludes that there is a genuine dispute of material fact as to element (3) of the negligent entrustment claim, whether Crete knew, or should have known, about Knapp's alleged recklessness or incompetence. Hanan notes that that Knapp's employment application listed many of his prior accidents, including one of the two that resulted from an improper lane change. Doc. 50, Pl.'s Resp., 16; Doc. 51, Pl.'s App., Ex. E. This is enough to create a genuine dispute of material fact. *See TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 240 (Tex. 2010) (explaining that for a negligent entrustment claim, "a plaintiff must show that anything found in a background check would cause a reasonable employer not to hire the employee, or would be sufficient to put the employer on notice that hiring the employee would create a risk of harm to the public." (internal quotations omitted and citations incorporated))). Additionally, Crete had notice prior to hiring Knapp that he had falsified an employment application. Doc. 50, Pl.'s Resp., 19; Doc. 51; Pl.'s App,

Ex. E. And finally, Knapp admits that he was denied a job as a driver for another company due to a past accident. Doc. 51, Pl.'s App., Ex. C, Dep. of Dorn Knapp, 106:15–25. This creates a genuine dispute of material fact on this element. *See Rutherford v. Joe Rud Trucking, Inc.*, 2015 WL 12571379, at *3 (W.D. Tex. July 1, 2015) (finding a genuine dispute of material fact on this element when an employer was not rehired by a former employer).

As to whether the risk that made the entrustment and hiring allegedly negligent proximately caused the crash, again, the Court notes that the very facts that allegedly make Knapp a reckless or incompetent driver—specifically, his propensity for improper lane changes—are probative of proximate cause. *See Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987) (looking to propensity of the alleged basis for incompetence or recklessness in evaluating whether the entrustment was a proximate cause of the accident). A reasonable juror could find his three other accidents probative of whether it was foreseeable that he would get into another accident as well. Thus, Hanan has raised a genuine dispute of material fact as to whether the potential negligent hiring/entrustment was a proximate cause of Hanan's injuries.

The Court **DENIES** Defendants' motion as to the negligent hiring and entrustment claims.

D.    *Negligent Training, Retention, Supervision, and Monitoring*

"Texas law allows recovery for negligent hiring, training and supervision where an employer knew or should have known through the exercise of reasonable care that an employee was incompetent or unfit and that his hiring or retention would thereby create an unreasonable risk of harm to others." *Verhelst v. Michael D's Rest. San Antonio, Inc.*, 154 F. Supp. 2d 959, 968 (W.D. Tex. 2001). Although there is no definitive elements for such claims under Texas law, a plaintiff must show the negligent training, retention, or supervision proximately caused the plaintiff's injury. *Lyle*

*v. 24 Hour Fitness, USA, Inc.*, 2016 WL 3200303, at *4 (W.D. June 8, Tex. 2016) (citing *TXI Transp. Co.*, 306 S.W.3d at 240; *Morrone v. Prestonwood Christian Academy*, 215 S.W.3d 575, 585 (Tex. App. 2007, pet. denied)).

    1.    Negligent Training

Defendants argue that Hanan does not have any evidence that Crete breached its duty to train its employees, or that any negligent training caused Hanan's injuries. Doc. 43, Defs.' Mot., 6. Hanan responds by noting that Knapp admitted in his deposition that Crete did not train Knapp to use the "lane of least conflict" rule. Doc. 50, Pl.'s Resp., 6 (citing Doc. 51, Pl.'s App., Ex. C, Dep. of Dorn Knapp, at 152:1–11). This rule, also known as the "lane of least resistance" rule, Hanan alleges, "is an industry standard term that commercial vehicle drivers are strongly encouraged to adhere to," *id.*, and evidently recommends drivers driving in the third lane from the left. Doc. 51, Pl.'s App., Ex. B, Dep. of Greg Brown, 34:10–11). Hanan directs the Court to Greg Brown's deposition, in which he, a commercial driver for over 20 years, explained that he was taught this rule, and that Knapp was not following it on the day of the accident. *Id.* at 25–26 (citing Doc. 51, Pl.'s App., Ex. B, Dep. of Greg Brown, 34:5–36:1-5). Additionally, Hanan points out that on Knapp's road quiz administered by Crete, there was only one question about this rule. *Id.* at 25.

There is thus evidence that supports the contention that Crete did not teach Knapp about the "lane of least conflict rule." Greg Brown's testimony also supports the conclusion that Crete should have taught Knapp this rule, as Mr. Brown himself was taught the rule during his training as a commercial driver. This evidence could be the basis for a reasonable juror to conclude that Crete breached its duty to adequately train Knapp. And finally, Mr. Brown's testimony also supports a finding of proximate cause, as he testified that Knapp was not driving in the lane of least resistance.

A reasonable juror could conclude that had Crete taught the "lane of least resistance" rule, and insisted on it being followed, Knapp would have been in the lane of least resistance at the time of the accident, thereby possibly avoiding the accident altogether.

The Court **DENIES** Defendants' motion as to the negligent training claim.

    2.    <u>Negligent Retention, Supervision, and Monitoring</u>

These claims are all related to each other and the training and hiring claims. *See Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—2002) ("[A]n employer is liable for negligent hiring, retention, or supervision if it hires an incompetent or unfit employee whom it knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others."). Therefore, as summary judgment must be denied on the claims above, the Court also **DENIES** Defendants' motion as to these claims.

*E.*    *Gross Negligence*

An act consists of gross negligence when (1) "viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others" and (2) "the actor has actual, subjectiveness awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 654 (S.D. Tex. 2016) (quoting TEX. CIV. PRAC. & REM. CODE § 41.003(a)). Because the plaintiff must prove gross negligence by "clear and convincing evidence" at trial, the question at the summary judgment stage is whether the plaintiff has evidence that would allow a reasonable juror to find, by clear and convincing evidence, gross negligence. *Perez Librado v. M.S. Carriers, Inc.*, 2004 WL 1490304, at *1–2 (N.D. Tex. June 30, 2004).

Under the objective prong, "extreme risk" refers to "the likelihood of the plaintiff's serious injury," "not a remote possibility or even a high probability of minor harm." *Id.* The subjective prong requires that the actor actually knew there was a risk, but did not care. *Id.* Subjective knowledge "can be proven by direct or circumstantial evidence." *Id.*

### 1. Knapp's Alleged Gross Negligence

Defendants argue that Hanan does not have any evidence on either prong of gross negligence with respect to Knapp. Doc. 43, Defs.' Mot., 10–11. In response, Hanan points to the deposition of Greg Brown, in which he testified that he saw Knapp swerving into Hanan's driving lane multiple times while also attempting to block Hanan from switching lanes. Doc. 50, Pl.'s Resp., 32–33 (citing Doc. 50, Pl.'s App., Dep. of Greg Brown).

The Court believes that this evidence is enough for Hanan's claim to survive a motion for summary judgment. To constitute gross negligence, "a driver's actions must . . . often involv[e] multiple conscious acts or omissions[] to support liability." *Phillips*, 189 F. Supp. 3d at 656. In *Perez Librado*, Judge Fitzwater explained that a jury could find an extreme degree of risk by clear and convincing evidence when the facts tended to show that the driver of a tractor trailer, among other things, "intentionally fail[ed] to observe the roadway for a period of perhaps 14 to 20 seconds." 2004 WL 1490304, at *3. Here, similarly, there is evidence that suggests that Knapp, also in a large tractor trailer, was making aggressive movements, including swerving and preventing Hanan from changing lanes, for what a reasonable jury could find an extended distance—100 yards—and therefore period of time. Doc. 50, Pl.'s Resp., 32 (citing Doc. 51, Pl.'s App., Dep. of Greg Brown, 157:9–17). And in *Perez Librado*, the driver's prolonged disregard for the rules of the road was also probative of actual, subjective awareness of the risk involved, and the conscious disregard of such risk. 2004 WL

1490304, at *3. The same can be said here.

Therefore, Defendants' motion for summary judgment on the gross negligence claim against Knapp is **DENIED**.

2. Crete's Alleged Gross Negligence

Defendants argue that Hanan does not have evidence that shows that (1) entrusting Knapp to drive was an extreme risk and (2) Crete knew about, and disregarded, this risk. Doc. 43, Defs.' Mot., 10–11. Hanan responds by arguing that circumstantial evidence, namely, Knapp's untruthful employment application, his five prior accidents, and his seven log discrepancy violations demonstrate Crete's conscious disregard of the extreme risk of letting Knapp drive its vehicle. Doc. 50, Pl.'s Resp., 34. Additionally, Hanan believes that a determination on subjective awareness is inappropriate at the summary judgment stage. *Id.* at 35–36.

Defendants reply that subjective awareness can be decided at the summary-judgment stage if and when the plaintiff does not provide any evidence of such awareness. Doc. 59, Defs.' Reply, 10. Defendants also argue that Knapp's history of log discrepancies and prior accidents "do not relate to Knapp's competence as a driver . . . let alone that Crete was grossly negligent in hiring or retaining Knapp or in entrusting him with the truck." *Id.* at 9.

First, the Court finds that Knapp's alleged recklessness or incompetence as a driver can be the basis for a jury finding that entrusting Knapp with a vehicle posed an extreme risk. *See Montemayor v. Heartland Transp., Inc.*, 2008 WL 4777004, at *5 (S.D. Tex. Oct. 30, 2008) (finding a fact dispute on the objective prong because "common sense suggests that often only the most infinitesimal of contingencies separate a minor accident from becoming a major one").

Second, the Court agrees with Defendants that subjective awareness can be decided at the

summary judgment stage. In fact, in the case in which Hanan cites for the proposition that it cannot, the court affirmed summary judgment on subjective awareness, albeit in the context of "wanton and willful" negligence. *See Turner v. Franklin*, 325 S.W.3d 771, 786–87 (Tex. App.—Dallas 2010, pet. denied). Regardless, the Court finds that there is circumstantial evidence of Crete's subjective awareness of the potential extreme risk of entrusting the truck to Hanan. As discussed above, there is evidence that Crete was aware of Knapp's prior lane change violations and other accidents. This could support a finding that Crete was subjectively aware of, yet ignored, the alleged extreme risk posed by allowing Knapp to drive. *See Phillips*, 189 F. Supp. 3d at 658 ("[T]he courts that find sufficient evidence of gross negligence are faced with egregious driving records of which the employer was aware and took no actions to address."); *Montemayor*, 2008 WL 4777004, at *6 (denying summary judgment on gross negligence when the evidence showed that the company was, *inter alia*, aware of the driver's unsafe driving history yet retained the driver for another assignment).

Accordingly, Defendants' motion for summary judgment on gross negligence against Crete is hereby **DENIED**.

F.  *Ratification Against Crete*

Hanan also attempts to hold Crete liable for Knapp's alleged gross negligence through a theory of ratification. Doc. 4, Original Pet., 7–8. "A corporation is liable for punitive damages if it authorizes or ratifies an agent's gross negligence . . . ." *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). In their motion for summary judgment, Defendants contend that Hanan has no evidence that Crete approved Knapp's alleged grossly negligent conduct. Such approval is an essential element of a ratification claim, and thus Crete met its initial burden on its motion for summary judgment with respect to this claim. *See Austin*, 864 F.3d at 335 n.10. Thus, the burden

shifted to Hanan to show a genuine dispute of material fact on her ratification claim. *See Celotex*, 477 U.S. at 325. And Hanan does not attempt to do so. She only argues that Defendants' motion for summary judgment on this claim is an improper no-evidence summary judgment motion. Doc. 59, Pl.'s Br., 9. Thus, summary judgment on this claim must be granted. *See Little*, 37 F.3d at 1076.

Therefore, the Court **GRANTS** Defendants' summary judgment motion on the ratification claim**.** That claim is hereby **DISMISSED**.

### IV.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** summary judgment on the ratification and negligence per se claims, but **DENIES** it as to all other claims.

**SO ORDERED.**

**SIGNED: January 3, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE