UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSAN HANAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0149-B |
| | § | |
| CRETE CARRIER CORPORATION and DORN KNAPP, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Hanan's Motion to Exclude Expert Opinion or in the Alternative Motion in Limine (Doc. 96). Defendants Crete Carrier Corporation and Dorn Knapp retained Andrew Irwin to give expert opinion and testimony on accident reconstruction. Hanan moves to exclude Irwin's testimony for alleged failures to abide by Federal Rules of Civil Procedure 16, 26, and 37. Doc. 96, Pl.'s Mot., 1. For the reasons that follow, Hanan's Motion to Exclude Irwin's Expert Opinions (Doc. 96) is **DENIED**. Also, the Court **DENIES** the Motion in Limine to exclude Mr. Irwin's testimony entirely but reserves judgment on excluding the testimony regarding the late-disclosed materials until the pre-trial conference. However, the Court **GRANTS** a two-month continuance of the trial date, so that Hanan may properly review the late-disclosed expert evidence. The Court will enter a further order with the specific trial and pre-trial conference dates.

### I.
### BACKGROUND

This is a personal injury case in which Hanan alleges she was traveling on Interstate 45 in

Navarro County, Texas, when her vehicle was hit by Defendant Crete Carrier Corporation's tractor-trailer. Doc. 4, Supp. Doc. ("Original Pet."), ¶ 6. The vehicle was being driven by Defendant Knapp, who was an employee of Crete at the time. *Id.* Hanan alleges that she suffered severe injuries to her head, neck, back, and other body parts as a result of the accident. *Id.* Hanan subsequently brought this lawsuit against both Crete and Knapp. *Id.* ¶¶ 4–5.

The Court issued a Scheduling Order (Doc. 10) on March 6, 2019 that set Defendants' expert designation and reports deadline for June 19, 2019. Doc. 10, Scheduling Order, 1. The Court then extended Defendants' expert designation deadline to October 16, 2019. *See* Doc. 30, Electronic Order. Defendants retained Mr. Irwin as an expert in accident-reconstruction modeling. Doc. 45, Defs.' Designation of Experts, 6. Defendants designated Irwin as a testifying expert on accident reconstruction and produced his report on October 16, 2019, in accordance with the expert designation deadline. *See id.* But on November 21, 2019 and December 3, 2019, Defendants produced additional materials that Mr. Irwin reviewed in formulating his expert report. Doc. 96, Pl.'s Mot., 3–4. This was more than one month after the October 16 expert designation deadline had passed. Hanan alleges that this late disclosure violated Federal Rules of Civil Procedure 16, 26, and 37. *Id.* at 2.

The contents of the late disclosure are: a data download from the engine control module (ECM) on Crete's tractor-trailer; additional photographs taken by Mr. Irwin; Mr. Irwin's notes from his investigation; a dash cam video from a responding officer; and supplemental materials. *Id.* at 4.

Hanan served her First Requests for Admission on Defendants on March 15, 2019. *Id.* Request for Admission Sixteen asked Defendants to admit that the tractor-trailer driven by Defendant Knapp had an ECM device. *Id.* at 5. Defendant Knapp admitted there was such a device

installed at the time of the accident.[1] Doc. 102, Defs.' Resp., 5. Along with that request, Hanan served Defendants with a Request for Production of ECM data from Crete's tractor-trailer. Doc. 96, Pl.'s Mot., 5. Defendant Knapp claimed that because he was not in possession or control of the vehicle, he personally had no ECM data to provide. Doc. 102, Defs.' Resp., 5–6. Similarly, Defendant Crete responded that no ECM download had been completed. *Id.* at 6. At some later point, however, a download was apparently performed because Mr. Irwin reviewed the vehicle's ECM data download during his investigation. *See id.* at 4. But Crete neither amended its response nor supplemented the ECM data within the discovery deadline. *See* Doc. 96, Pl.'s Mot., 5; Doc. 102, Defs.' Resp., 6.

Hanan now brings this motion to exclude Irwin's expert testimony. Doc. 96, Pl.'s Mot. All briefing has been submitted, and the motion is now ripe for review.

## II.

## LEGAL STANDARD

A.      *Disclosure of Expert Testimony—Rule 26(a)(2)(A)*

Under Federal Rule of Civil Procedure 26(a)(2)(A), a party who retains an expert to provide testimony in a case must disclose the expert's identity. This disclosure must be accompanied by an expert report that contains: (1) a complete statement of all the expert's opinions and the reasons for them; (2) the facts or data the expert considered in forming his opinions; (3) any exhibits he used to summarize or support those opinions; (4) the expert's qualifications, including publications from the past ten years; (5) a list of other cases the expert has provided expert testimony in during the

---

[1] Hanan claims a "Defendant" denied the existence of an ECM device but does not specify which defendant. *See* Doc. 96, Pl.'s Mot., 5. Her appendix to the motion (Doc. 97) does not contain the Responses for Defendant Crete and her citation in her motion for the quoted language is blank. *See* Doc. 96, Pl.'s Mot., 6 n. 16.

previous four years; and (6) a statement of the expert's compensation in the instant case. Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi).

Generally, a party must designate its experts and disclose its expert reports "at the times and in the sequence that the court orders." *See id.* 26(a)(2)(D). "The parties must supplement these disclosures when required under Rule 26(e)." *Id.* 26(a)(2)(E). Rule 26(e) requires supplementation if: (1) "the party learns in some material respect the disclosure . . . is incomplete or incorrect," and (2) "additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing" by the time pretrial disclosures are due. *Id.* 26(e)(1)(A). This creates a duty to supplement disclosures discovered to be incomplete or incorrect, not an opportunity to provide information previously omitted. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) ("The purpose of rebuttal and supplementary disclosures is just that—to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information.")

B.   *Failure to Properly Disclose—Rule 37(c)(1)*

If a party fails to provide information as required under Rule 26(a) or (e), it may not use that information or witness to "supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts have broad discretion in deciding whether a Rule 26(a) or (e) violation is substantially justified or harmless. *Overbeck v. Envoy Air, Inc.*, 2017 WL 3726781, at *2 (N.D. Tex. Aug. 29, 2017) (citation omitted). In exercising its discretion, the Court considers four factors: (1) the reason for the failure to properly disclose; (2) the importance of the testimony; (3) the potential prejudice in allowing the disclosure; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th

Cir. 1990) (citation omitted).

C.  *Scheduling Orders—Rule 16*

Courts may enter scheduling orders under Rule 16 to manage the timing of discovery and organize important dates in the litigation. *See* Fed. R. Civ. P. 16. *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). Scheduling orders limit the time period to amend pleadings and conduct discovery. Fed. R. Civ. P. 16(b)(3)(A). If a party fails to obey a court's scheduling order, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii)." *Id.* 16(f)(1). A court may "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." *Id.* 37(b)(2)(A)(ii). A trial court has "broad discretion" in determining whether to sanction the offending conduct. *See Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979). Because failure to comply with Rule 16 provides for sanctions under Rule 37, the Court must apply the same four-factor *Geiserman* analysis to Rule 16 violations that it applies to Rule 26 violations. *See Barrett*, 95 F.3d at 380.

## III.

## ANALYSIS

The Court now considers whether to exclude Mr. Irwin's expert testimony as a Rule 37 sanction for violating either Rules 16 or 26, or in the alternative limine out the testimony. First the Court must determine whether the alleged conduct actually violated Rules 16 or 26, and if so, whether the violation was substantially justified or harmless under the *Geiserman* factors. *See Geiserman,* 893 F.2d at 791.

In sum, although the exclusion of Mr. Irwin's testimony is not warranted, the Court

concludes that a two-month continuance of the trial is necessary for Hanan to properly review the at-issue documents in preparation for trial.

A.   *Rule 26*

Defendants' late disclosure of some materials Mr. Irwin reviewed in creating his report was clearly untimely and in violation of Rule 26. However, after considering the *Geiserman* factors, the Court finds that the violation can be best cured through a continuance, not exclusion of Mr. Irwin's testimony.

   1.   Defendants' reason for noncompliance

First, the Court considers "the reason for [Defendants'] failure to properly disclose" materials Mr. Irwin reviewed in his investigation and formulation of his expert report. *See Geiserman*, 893 F.2d at 791 (citation omitted). Defendants contend that the untimely disclosure was unintentional because the materials "did [not] form the basis of the substance of Mr. Irwin's report." Doc. 102, Defs.' Resp., 6. However, oversight is not an adequate excuse for noncompliance with Rule 26; there is no requirement that the violation was willing or intentional. *See 1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1288–89 (5th Cir. 1991) (holding no abuse of discretion when district court found the first factor in favor of the movant where there was no argument that the failure was intentional and no adequate justification given). Accordingly, this factor weighs in favor of Hanan.

   2.   Importance of the disclosure

Next, the Court evaluates "the importance of the testimony" of Defendants' expert witness to the case. *See Geiserman*, 893 F.2d at 791 (citation omitted). The Court considers the importance of the expert testimony as a whole because that is what Hanan seeks to exclude, not the late-disclosed material. *See* Doc. 96, Pl.'s Mot., 6. Defendants argue, and Hanan does not dispute, that

this testimony is important to the case. *See* Doc. 102, Defs.' Resp., 7–8; Doc. 96, Pl.'s Mot., 9. Mr. Irwin is the only expert designated by Defendants to discuss accident reconstruction, which is of particular importance in this car-wreck case. *See* Doc. 102, Defs.' Resp., 7–8.

While Hanan makes no argument that the testimony is unimportant, she does argue that if Mr. Irwin's testimony is essential, than the more important it is that the proper procedures were followed. *See* Doc. 96, Pl.'s Mot., 9 (citing *Geiserman*, 893 F.2d at 791). By this, the Court believes that Hanan is intending to argue that the more important the testimony, the more heavily this factor should weigh in favor of the movant.

However, this is not the intended interpretation of the second factor because it conflates it with the prejudice factor below, and it "stand[s the analysis] on its head." *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007). Because Hanan does not dispute the importance of the expert testimony, this factor weighs in favor of Defendants.

### 3. Potential prejudice

The Court next considers the "potential prejudice in allowing the testimony." *See Geiserman*, 893 F.2d at 791 (citation omitted). Hanan argues that she would be prejudiced by Mr. Irwin's testimony because she does not have "a reasonable amount of time to analyze all of the documents and their factual connections to Mr. Irwin's report" before trial. Doc. 96, Pl.'s Mot., 9–10. The late disclosures contained multiple different types of materials, so the prejudicial effect of each will be considered individually.

The largest portion of the materials is about 300 pages of an ECM data download from the tractor-trailer. *Id.* at 4. Defendants argue that the late disclosure of the data was not prejudicial because Mr. Irwin determined it did not contain recordings or data from the subject accident. Doc.

102, Defs.' Resp., 8. But Hanan is entitled to make that determination for herself and glean any other information she may find relevant from the data. Hanan is not required to take the word of the opposing party's expert that the data is not important to the case. If she feels that she has not had time to review the data, then it would be prejudicial to not allow her that opportunity, as her time constraints are the result of Defendants' mistakes.

Next, the disclosures contained over 100 photographs taken by Mr. Irwin in his investigation. Doc. 96, Pl.'s Mot., 4. Defendants claim that these were surplus pictures that disclosed no new information because the photos Mr. Irwin based his opinions on were included in his report. Doc. 102, Defs.' Resp., 3. Additionally, Defendants say Hanan would not be prejudiced because the subject matter of the photos have been available for Hanan to inspect herself throughout discovery. *Id.* at 2. The Court agrees that Hanan has not shown how she is prejudiced by the tardy disclosure of these photos.

The disclosures also contained Mr. Irwin's notes from his investigation leading up to his report. Doc. 96, Pl.'s Mot., 4. Defendants argue that this did not prejudice Hanan because these notes helped Mr. Irwin create his report, which was timely produced. Doc. 102, Defs.' Resp., 3. Hanan makes no specific showing of how this late disclosure may lead to a prejudicial effect. *See* Doc. 96, Pl.'s Mot., 9–10. Thus, the Court cannot find Hanan was prejudiced by the late disclosure of Irwin's ten pages of notes.

The last item[2] in the late disclosures was a dash-camera video from the vehicle of an officer

---

[2] Hanan also alleges that thirty-five pages of "supplemental materials" were in the late disclosures but never describes the content, and neither party makes an argument regarding them. *See* Doc. 96, Pl.'s Mot., 4. Thus, the Court will not analyze any of these "supplemental materials."

responding to the scene of the accident. *Id.* at 4. The video shows the path of travel down the section of the highway relevant to the dispute. *Id.* Hanan does not allege that the footage shows the accident. *See* Doc. 96, Pl.'s Mot., 4. Instead, Mr. Irwin used the footage to create a scale diagram of the accident scene. *See* Doc. 103, Defs.' App., Ex. 16 (Irwin Report), 4. However, this video could show whether Mr. Irwin used the wrong segment of the highway, or included too much or too little of the segment in his diagram. Hanan should have the ability to make such arguments at trial if she deems necessary.

The Court believes that, at the very least, the late disclosure of the ECM data download and the dash-camera video was prejudicial and is deserving of a remedy.

### 4. The availability of a continuance

Finally, the Court determines "the availability of a continuance to cure such prejudice." *See Geiserman*, 893 F.2d at 791 (citation omitted). The Fifth Circuit has "repeatedly emphasized that a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time." *Betzel*, 480 F.3d at 708 (quoting *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1001 (5th Cir. 1998)). Although here, the Court is confronted with deficiencies in expert disclosures, not expert designations, the Court finds that a continuance would be proper to cure Hanan's insufficiency of time to review the materials pre-trial. Consequently, the Court **DENIES** Hanan's Motion to Exclude (Doc. 96) as it seeks to strike Mr. Irwin's testimony for any noncompliance with Rule 26 and instead **GRANTS** a two-month continuance.

B. *Rule 16*

The Rule 16 allegation relates to some of the same materials (such as the ECM download) as in the prior section, but the alleged offending conduct differs. *See* Doc. 96, Pl.'s Mot., 9.

Defendants' production of materials outside the appropriate period set by the scheduling order was a violation of Rule 16. Although this is a separate Rule violation, the applicable test is the same as the preceding section because they are both Rule 37 violations. *See Barrett*, 95 F.3d at 380.

Defendants do not explain their failure to supplement their response to Hanan's Request for Disclosure. Instead, they claim that this was not violative conduct because Hanan did not request that they do the ECM download after their response that one had not been performed. Doc. 102, Defs.' Resp., 6. However, Defendants had a duty to supplement this answer with disclosure of the ECM data when it was downloaded. *See* Fed. R. Civ. P. 26(e)(1)(A). Their reason for noncompliance is not convincing. *See* Fed. R. Civ. Pro. 26(e)(1)(A). Like before, the first factor—Defendants' reason for noncompliance—weighs in favor of Hanan. The analysis under the remaining three factors is the same as the preceding section; thus, a separate analysis is not required. As such, the Court finds that the violation will be best cured through the continuance granted in the preceding section. Thus, the Court **DENIES** Hanan's motion to exclude Mr. Irwin's testimony (Doc. 96) for violating Rule 16.

C.   *Motion in Limine*

Alternatively, Hanan requests that Mr. Irwin's expert opinion be excluded as in limine relief. *See* Doc. 96, Pl.'s Mot., 10–11. Granting or denying a motion in limine is within the district court's discretion. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) (citation omitted). The Court refuses to entirely bar the testimony and opinions of Mr. Irwin as limine relief for the same reasons outlined in Part A. Instead, the Court is willing to address further argument at the pre-trial conference on the potential exclusion of the untimely disclosed materials.

## IV.

## CONCLUSION

For the foregoing reasons, Hanan's motion (Doc. 96) is **DENIED**. However, the Court **ORDERS** a two-month continuance of the trial. The Court will enter a further order with the specific trial and pre-trial conference dates.

**SO ORDERED.**

**SIGNED: April 7, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE