UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SUSAN HANAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:19-CV-0149-B |
| § | |
| CRETE CARRIER CORPORATION § | |
| and DORN KNAPP, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

This case was tried before the Court and a jury March 8, 2021, through March 10, 2021. On March 10, 2021, after Plaintiff Susan Hanan rested her case, the Court **GRANTED** Defendants Crete Carrier Corporation ("Crete") and Dorn Knapp's motion for judgment as a matter of law and **DISMISSED** Hanan's claims for gross negligence. This Order further explains the Court's reasoning.

## I.

## BACKGROUND[1]

On June 18, 2018, Hanan and Knapp were involved in a motor vehicle accident on Interstate 45 southbound outside of Corsicana, Texas. Doc. 196, Pretrial Order, 3. At the time of the accident, Knapp was a commercial truck driver for Crete and was driving in the course and scope of his employment with Crete. *Id.* The accident occurred as follows:

The section of the highway relevant to this case normally has three lanes of traffic moving southbound. Hanan was driving her vehicle in the far-left lane and Knapp was operating the

---

[1] The Court derives the facts from the docket filings as well as the evidence presented at trial.

commercial truck in the middle lane, to the right of Hanan. Ahead of the vehicles, the highway was reduced to two lanes due to construction, and Hanan's lane was ending. Hanan claims that "suddenly, her vehicle was violently struck by [Knapp]'s tractor trailer," after "Knapp changed lanes unsafely into the lane in which [Hanan] was lawfully driving, crashing into [Hanan]'s vehicle at a high rate of speed." Doc. 4, Pl.'s Orig. Pet., 2. As a result of the collision, Hanan claims to have suffered "severe personal injuries, bodily injury, physical impairment, loss of household services, pain, suffering, and mental anguish." *Id.* at 8.

On November 20, 2018, Hanan filed a petition in Texas state court against Crete and Knapp, alleging: (1) negligence and gross negligence against both Defendants; (2) negligence *per se* against both Defendants; (3) negligent hiring against Crete; (4) negligent training against Crete; (5) negligent supervision, retention, and monitoring against Crete; and (6) negligent entrustment against Crete. *Id.* at 3–7. In her complaint, Hanan sought damages "in excess of $1,000,000.00[.]" *Id.* at 8. Defendants removed the case to this Court on January 18, 2019, *see generally* Doc. 1, Notice of Removal, and a jury trial was held March 8, 2021, through March 10, 2021.

At trial, Hanan presented evidence of Knapp's negligence in operating the tractor trailer. For example, she showed that Knapp failed to abide by Crete's training and policies, as well as federal regulations, by failing to use the lane of least resistance at the time of the collision. The "lane of least resistance" is a concept used within the trucking industry to denote the safest highway lane in which to operate a commercial vehicle. Knapp's own testimony, as well as the testimony of an expert witness suggested that Knapp was not driving in the lane of least resistance when his tractor trailer collided with Hanan's vehicle. Additionally, Hanan presented the deposition testimony of an eyewitness, Mr. Brown, who testified that Knapp was driving aggressively and "riding on the dotted

line" before "he smacked her with the front of his truck." Doc. 51, Pl.'s App., Ex. B, Dep. of Greg Brown, 20:19–20, 24–25.

Hanan also presented evidence of Crete's negligence in its hiring, training, supervising, retaining, monitoring, and entrustment of Knapp. For example, Hanan introduced evidence of Knapp's past acts such as his past accidents, log violations, driver's-license suspension, termination of employment, and false statements on a previous employment application. And she showed that despite Crete's knowledge of these acts, Crete did not reject Knapp's employment application, terminate his employment, or adequately discipline, train, or monitor Knapp. Instead, Crete only required Knapp to complete a driver's safety course before entrusting him with a commercial vehicle.

After Hanan rested her case, and outside the presence of the jury, Defendants moved for judgment as a matter of law and asked the Court to dismiss Hanan's claims for gross negligence. The Court heard oral arguments before granting Defendants' motion and dismissing Hanan's claims for gross negligence. After closing arguments, the Court read the jury instructions to the jurors, which did not include instructions on gross negligence. *See generally* Doc. 215, Jury Instructions. The jury ultimately found that Defendants were not negligent in causing the accident and that Hanan was negligent. Doc. 216, Jury Verdict, 10.

## II.

## LEGAL STANDARD

The Court should grant a motion for judgment as a matter of law when there is no "legally sufficient evidentiary basis" for a reasonable jury to find for the party on an issue on which that party has been fully heard. Fed. R. Civ. P. 50(a)(1); *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 149 (2000). "Fully heard" means a party has rested its case before the jury. *Echeverria v. Chevron USA*

*Inc.*, 391 F.3d 607, 610–11 (5th Cir. 2004). When considering a motion for judgment as a matter of law, "the [C]ourt should review all of the evidence in the record." *Reeves*, 530 U.S. at 150. In doing so, the Court should (1) "draw all reasonable inferences in favor of the nonmoving party," (2) "give credence to . . . evidence supporting the moving party that is uncontradicted and unimpeached," and (3) refrain from "mak[ing] credibility determinations or weigh[ing] the evidence." *Id.* at 150–51 (quotation marks and citations omitted). The Court should grant the motion if there is no conflict in the evidence. *Anthony v. Chevron USA, Inc.*, 284 F.3d 578, 583 (5th Cir. 2002).

## III.

## ANALYSIS

To prevail on a gross-negligence claim under Texas law, a plaintiff must prove by clear and convincing evidence that: (1) when "viewed objectively from the actor's standpoint, the act or omission complained of . . . involve[d] an extreme degree of risk, considering the probability and magnitude of the potential harm to others[,]" and (2) "the actor [had] actual, subjective awareness of the risk involved, but nevertheless proceed[ed] in conscious indifference to the rights, safety, or welfare of others." *Medina v. Zuniga*, 593 S.W.3d 238, 247 (Tex. 2019). Defendants argued that even if the jury found that they were negligent in causing the accident, Hanan could not establish gross negligence as a matter of law because the conduct alleged at trial did not involve an extreme degree of risk. The Court agreed.

The evidence that Hanan presented at trial could not establish gross negligence as a matter of law. This is especially true in light of the Texas Supreme Court's ruling in *Medina v. Zuniga*, which Defendants addressed for the first time in their motion for judgment as a matter of law. *See* 593

S.W.3d at 247. As stated in *Medina*, "[t]he objective gross-negligence standard must remain functionally distinguishable from ordinary negligence." *Id.* at 249. Otherwise, "punitive damages would be routinely available in the most common types of auto accidents." *Id.* at 250. Accordingly, "[g]ross negligence can be supported only by an *extreme* degree of risk, not a remote possibility of injury or even a high probability of minor harm." *Id.* at 249 (emphasis in original) (quotation marks and citation omitted). And "an extreme degree of risk is a threshold significantly higher than the objective reasonable person test for negligence," and must involve "[a]n act or omission that is [not] merely thoughtless, careless, or not inordinately risky[.]" *Id.* (quotation marks and citation omitted). Ordinary negligence and "garden-variety car accident[s]" thus do not satisfy the standard for gross negligence. *Id.* at 250; *see also Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 654 (S.D. Tex. 2016) ("[E]vidence of simple negligence is insufficient to prove either the objective or subjective elements of gross negligence." (citation omitted)).

A.  *The Evidence Did Not Support Knapp's Gross Negligence.*

Even viewing all evidence in the light most favorable to Hanan, Hanan cannot satisfy the threshold for gross negligence as to Knapp because Knapp's conduct did not involve an extreme degree of risk. Hanan's evidence, at most, supports a finding that Knapp committed a negligent lane change. But she did not present evidence of any "aggravating circumstances . . . required to transform an act of simple negligence into one of gross negligence." *Rayner v. Dillon*, 501 S.W.3d 143, 151 (Tex. App.—Texarkana 2016, pet. dism'd).

In *Medina*, the plaintiff produced evidence from which a reasonable jury "could have found [the defendant-driver] sped through the parking lot and failed to stop or even sufficiently slow down at the parking lot exit" before pulling out of the parking lot and striking the plaintiff's vehicle. 593

S.W.3d at 248. "Additionally, the jury could have found [the defendant] failed to look both ways before exiting and partially drove on the sidewalk." *Id.* (quotations omitted). Taking all of the evidence as true, the Texas Supreme Court found that "no doubt exists that [defendant]'s driving was thoughtless, careless, and risky." *Id.* at 249. Nonetheless, the Court found that the defendant's "clearly negligent conduct" did not "constitute[] any evidence satisfying the objective component of gross negligence." *Id.*

Indeed, "Texas courts have repeatedly made clear that whether a driver is operating a car or truck, acts that support a finding of ordinary negligence, such as a party's failure to obey traffic laws, will not support a finding of gross negligence." *Phillips*, 189 F. Supp. 3d at 656 (collecting cases); *see also McCarty v. Moss*, 225 S.W.2d 883, 886 (Tex. Civ. App.—Austin 1949, writ ref'd) (operating a vehicle at an excessive rate of speed does not constitute gross negligence); *Rogers v. Blake*, 240 S.W.2d 1001, 1004 (Tex. 1951) (conscious failure to stop at a stop sign, standing alone, does not constitute gross negligence); *Hylander v. Groendyke Transp., Inc.*, 732 S.W.2d 692, 695 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.) (truck driver's decision to continue driving with a blown-out tire at night did not constitute gross negligence). Instead, "a driver's actions must be considerably more extreme, often involving multiple conscious acts or omissions, to support liability." *Phillips*, 189 F. Supp. 3d at 656.

Viewing the evidence in the light most favorable to Hanan, the collision between Hanan and Knapp was a "garden-variety car accident" that did not involve the extreme degree of risk required to find gross negligence. *See Medina*, 593 S.W.3d at 250. Accordingly, Hanan failed to show gross negligence as a matter of law and the Court **DISMISSED** Hanan's gross-negligence claim against Knapp.

B.      *The Evidence Did Not Support Crete's Gross Negligence.*

Similarly, Hanan failed to produce sufficient evidence to prove gross negligence on behalf of Crete. Even viewing all evidence in the light most favorable to Hanan, Crete's conduct, at most, amounts to ordinary negligence, as it did not involve an extreme degree of risk.

"[A] corporation may not be held liable for punitive damages for gross negligence unless the corporation itself commits gross negligence, authorized or ratified an agent's gross negligence, was grossly negligent in hiring an unfit agent, or committed gross negligence through the actions or inactions of a vice-principal." *R & R Contractors v. Torres*, 88 S.W.3d 685, 708 (Tex. App.—Corpus Christi 2002, no pet.) (citing *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921–22 (Tex. 1998)). However, the standard for gross negligence remains the same. In order to prove gross negligence, Hanan must have proved by clear and convincing evidence that: "(1) viewed objectively from [Crete's] standpoint, the act or omission [] involve[d] an extreme degree of risk . . . and (2) [Crete had] actual, subjective awareness of the risk involved, but nevertheless proceed[ed] in conscious indifference to the rights, safety, or welfare of others." *Ellender*, 968 S.W.2d at 921.

While the evidence of Knapp's past acts and Crete's knowledge of said acts supported a finding of ordinary negligence on behalf of Crete, it did not support a finding of gross negligence. Indeed, Hanan did not present evidence of conduct creating "an extreme degree of risk . . . a threshold significantly higher than" the degree of risk created by ordinary negligence. *Medina*, 593 S.W.3d at 249 (quotation marks and citation omitted). Again, "evidence of simple negligence is insufficient to prove either the objective or subjective elements of gross negligence." *Phillips*, 189 F. Supp. 3d at 654. And while Crete's conduct may have created a risk of the type of accident that occurred in this case—a "garden-variety car accident," *see Medina*, 593 S.W.3d at 250—Hanan did

not present evidence of aggravating factors that would elevate the degree risk to an extreme level.

Additionally, Hanan did not present sufficient evidence to satisfy the subjective component of gross negligence. "To establish the subjective component, 'the plaintiff must show that the defendant knew about the peril, but [its] acts or omissions demonstrate that [it] did not care.'" *Id.* at 248 (quoting *Diamond Shamrock Ref. Co. v. Hall*, 168 S.W.3d 164, 173 (Tex. 2005)). While the jury may have found that Crete knew or should have known about the risk of Knapp's ordinary negligence, the evidence did not permit the jury to find by clear and convincing evidence that Crete "did not care" about any extreme risk. *See id.* (quotation marks and citation omitted). Hanan's inability to prove the subjective element is an independent basis for granting Defendants' motion for judgment as a matter of law on Hanan's gross-negligence claim against Crete.

In order to establish gross negligence, Hanan was required to demonstrate more extreme conduct and "a conscious indifference" on the part of Crete. *See, e.g.*, *ADT LLC v. Cap. Connect, Inc.*, 2017 WL 1426302, at *10 (N.D. Tex. 2017) (gross negligence plausible where defendant company "knew that its sales force was engaging in widespread and egregious misconduct . . . [and] fail[ed] to point to any evidence in the record that it took adequate measures to mitigate the egregious misdeeds of its sales team"); *Ellender*, 968 S.W.2d at 922–24 (gross negligence plausible where defendant-petrochemical-company subjected employees to a chemical whose "extreme degree of risk . . . was common knowledge in the petrochemical industry" and the company "did not warn, monitor or protect" employees against exposure). At trial, Hanan failed to produce evidence that could satisfy either element. Accordingly, the evidence was insufficient to prove Crete's gross negligence as a matter of law and the Court **DISMISSED** Hanan's gross-negligence claim against Crete.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTED** Defendants' motion for judgment as a matter of law and **DISMISSED** Hanan's gross-negligence claims.

**SO ORDERED.**

**SIGNED: April 2, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE